| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------x<br><br>RILEY JEROME WILLIAMS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　-against-<br><br>GMDC "C-73",<br><br>　　　　　　　　　　Defendant.<br>----------------------------------------------------------------x | NOT FOR PUBLICATION<br><br><br><br>MEMORANDUM AND ORDER<br><br><br>11-CV-5216 (JG) (VVP) |

JOHN GLEESON, United States District Judge:

　　　　On October 19, 2011, plaintiff Riley Jerome Williams, currently incarcerated at Sing Sing Correctional Facility, commenced this *pro se* action pursuant to 42 U.S.C. § 1983. Williams seeks unspecified damages for the destruction of his property during a fire at George Motchan Detention Center ("GMDC"), at Rikers Island. I grant Williams's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, I dismiss the complaint against GMDC and grant Williams leave to file an amended complaint within 30 days as set forth below.

## BACKGROUND

　　　　Williams's statement of claim consists of the following:

> While I was staying in C-73 in dorm 14A the[re] [occurred] some kind of fire inside the unit. So all these officers also Captain's came telling every human body to get up and get dress. So that's just what everyone have done and was [escorted] to the Gym. After that taken to this next facility. Which was Anna M. Kross Center until this here um [parole] violation came up.

Compl. ¶ IV. Williams disclaims any medical injuries, but seeks compensation for his property that was destroyed during the fire. *See id.* ¶¶ IV.A & V.

DISCUSSION

A.  *Standard of Review*

In reviewing the complaint, I am mindful that Williams is proceeding *pro se* and that his pleadings should thus be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, 28 U.S.C. § 1915A requires me to screen a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *cf.* 28 U.S.C. § 1915(e)(2)(B) (directing courts to dismiss frivolous complaints by plaintiffs proceeding *in forma pauperis*).

To state a claim, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original). A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav.*

2

*Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citation omitted).

B.      *Application*

I construe Williams's complaint as asserting a claim under 42 U.S.C. § 1983 that the destruction of his property during the fire at GMDC was a deprivation of property without due process of law.[1]  To bring a § 1983 action, a plaintiff must allege that: "(1) the conduct complained of [was] committed by a person acting under color of state law; and (2) the conduct complained of . . . deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

Momentarily putting aside the viability of Williams's claim, GMDC is not a proper defendant.  Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."  N.Y. City Charter § 396.  This provision has been construed to mean that New York City departments and agencies, such as the Department of Correction or its jails, as distinct from the City itself, lack the capacity to be sued.  *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008); *David v. G.M.D.C.*, No. 01 Civ. 6931, 2002 WL 31748592, at *3 (S.D.N.Y. Dec. 6, 2002) (dismissing prisoner's civil rights complaint against GMDC).

In addition, Williams has not alleged a plausible § 1983 claim.  The deprivation of a prisoner's property does not violate due process if "the state makes available a meaningful

---

[1] The existence of a federal claim is essential to this Court's subject-matter jurisdiction, as there does not appear to be diversity of citizenship.  *See* 28 U.S.C. § 1332(a).  To the extent Williams is asserting any state law claims, I would decline to exercise supplemental jurisdiction over those claims in the absence of a viable federal claim.  *See* 28 U.S.C. § 1367(c)(3); *Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir.) (district court should dismiss state claims where federal claims are dismissed before trial), *cert. denied*, 131 S. Ct. 151 (2010).

postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 531 (1984); *see also, e.g.*, *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). Thus, where a state or city has provided adequate post-deprivation procedures, the loss of property generally does not give rise to a constitutional claim. *See Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001); *Love v. Coughlin*, 714 F.2d 207, 208–09 (2d Cir. 1983); *Douglas v. State of N.Y. Dep't of Correction*, No. 88 Civ. 8493 (MJL), 1990 WL 83521, at *1 (S.D.N.Y. June 8, 1990). Generally, a claim for the destruction of property while in city custody is not a matter for the federal courts and should be pursued by filing a claim with the appropriate agency.

Here, Williams alleges he filed an administrative claim for his lost property. *See* Compl. ¶ II. He has not alleged that he does not have adequate post-deprivation remedies to recover the value of his destroyed property. Absent such allegations, he does not have a viable § 1983 claim.

C.      *Leave To Amend*

In light of Williams's *pro se* status and in an abundance of caution, I grant him leave to file an amended complaint within 30 days of the entry of this Order. If Williams elects to file an amended complaint, that submission should be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 11-CV-5216 (JG) (VVP). The amended complaint shall replace the original complaint and shall be reviewed pursuant to 28 U.S.C. § 1915A. In the amended complaint, Williams must provide a statement of claim, including the dates of all relevant events and a brief description of what each defendant allegedly did or failed to do that violated Williams's civil rights. If Williams cannot identify the appropriate individual defendant or defendants (if any) within the time allowed in this Order, he may designate the

individual as John (or Jane) Doe #1, and so on.  For example, *Correction Officer John Doe #1, employed at _____ on \_\_\_\_\_ (date) and _____ (time)*; *Correction Officer John Doe #2, employed at _____ on \_\_\_\_\_ (date) and _____ (time)*.  The same defendants named in the caption of the amended complaint must also be named in the statement of claim.

## CONCLUSION

For the reasons stated above, Williams is granted leave to proceed *in forma pauperis* and the complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.  Williams is granted leave to file an amended complaint within 30 days of the date of entry of this Order.  If Williams fails to file an amended complaint by that time, judgment may be entered dismissing this action.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: January 3, 2012
       Brooklyn, New York